Barry E. Teague, Montgomery, Ala., for Trustee Ed Hill.

Joe G. Burnett, Clanton, Ala., for Young William Smith.

---

**In re Young William SMITH, Debtor.**

**Ed HILL, Trustee of Estate of Young William Smith, Plaintiff,**

v.

**Young William SMITH, Defendant.**

**Adv. No. 84–0122.**

United States Bankruptcy Court, M.D. Alabama.

March 13, 1985.

ORDER ON DEBTOR/DEFENDANT'S APPLICATION FOR HOMESTEAD EXEMPTION AND FOR ALLOWANCE OF EXPENDITURES MADE TO DECEASED MOTHER

RODNEY R. STEELE, Bankruptcy Judge.

In this adversary proceeding, the court entered an order on January 22, 1985, determining that within 180 days from the filing of this bankruptcy, the debtor inherited real property consisting of a house and lot in Clanton, Alabama, from his mother, and under Title 11, United States Code, Section 542 and 543 and under Section 541(a)(5), the trustee was entitled to that house and lot as property of this estate.

Thereafter, the trustee has filed applications to sell that property free and clear of certain liens and encumbrances.

The order of January 22, preserved to the debtor/defendant the right to file a

claim of homestead as to this property, and to file a claim for reimbursement for certain expenses which he claims to have made for improvement of that property.

The application of the defendant/debtor for his homestead exemption and for the allowance of such expenses came on for hearing at Montgomery on March 11, 1985.

Testimony was taken from Young William Smith, from Margo Parrish, and from David Parrish.

■ As to the homestead exemption, the debtor testified that it was always his intention to reside at the home of his mother, that he was residing there with his wife at the time of the filing of his bankruptcy in June of 1983, and that he had certain property located in those premises which were his property.

But we give great weight to the following factors in concluding that he is not entitled to a homestead exemption. In the first place, at the time of the filing of his bankruptcy petition, the home was in the name of his mother and Young William Smith had no interest in that property. He and his wife had moved back into the property in May because his mother was ill and they needed to take care of her. Thereafter, the mother died on August 6, 1983. The debtor testified that he sometimes lived in his mother's home, and sometimes lived with his wife at her trailer home outside of Clanton.

He discussed after his mother's death selling the property to David Parrish and his wife, Margo, and finally rented that property to Margo and David Parrish in March of 1984.

The debtor does not now live in the house, and it is still rented to Mr. and Mrs. Parrish. Before his mother's illness, the debtor had lived sometimes at his mother's home, and sometimes with his wife.

We conclude that the debtor did not have a homestead in this property at the date of the filing of this bankruptcy. It was the homestead of his mother at that time. Moreover, he never intended to make this his homestead. He was living with his wife at her trailer home. He intended at all times after his mother died to rent or sell this property, and in fact, offered to sell it to Mr. and Mrs. Parrish.

Nor did he intend to claim or have any interest in the furniture. He does have certain personal property consisting of momentos and other personal property, but the furniture and fixtures in the home are not his and were intended to be his.

We conclude that the homestead exemption claim is not well taken.

■ As to the allowances for expenditures made on behalf of the deceased mother, the testimony of the debtor was that fully 80% of these expenditures was made before she died, that they were made for the upkeep and repair of the house, and that they were not expenditures made by him in anticipation of living in the home. He was, in effect, protecting and repairing the home of his mother.

Moreover, it appears from the testimony for Mr. Parrish, that some of the repairs which are listed and included as expenditures made by this debtor on this home at 903 Sixth Avenue, North, Clanton, Alabama, were never made, or were made by others, and not paid for by the debtor. It moreover appears that some of the claimed expenditures were not made in the amounts claimed, but were made in much smaller amounts.

We lay aside here any claim this debtor/defendant may have for payments to an attorney or to the funeral home in connection with the death of his mother, and the probate of her will.

We conclude finally that the debtor had not made any substantial payments of any kind towards improvement or upkeep of this property on his own behalf, but made them for the repair and upkeep of his mother's home before she died.

It is therefore ORDERED as follows:

1. The debtor's claim of a homestead exemption is hereby denied, and debtor shall take nothing from the proceeds of the sale of this property as a homestead ex-

emption or proceeds from the sale of a homestead exemption.

2. The expenditures claimed by this debtor for upkeep and repair on this home are hereby denied any repayment, and debtor shall take nothing for any expenses which he may have incurred in connection with the repair and upkeep of this house, from the sale by trustee of this property.